IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA.

CASE NO. 23000212CA

MARGOT FARR and ARCHIE FARR

    Plaintiffs,

v.

HARTFORD INSURANCE COMPANY OF THE MIDWEST,

    Defendant.

_____/

## PLAINTIFFS' COMPLAINT FOR BREACH OF CONTRACT & DEMAND FOR JURY TRIAL

Plaintiffs, **MARGOT FARR AND ARCHIE FARR,** by and through undersigned counsel, hereby sue Defendant, **HARTFORD INSURANCE COMPANY OF THE MIDWEST**, and in support thereof allege as follows:

1. This is an action for an amount in excess of $50,000.00, exclusive of attorney fees, costs, and interest.

2. At all times material hereto, Plaintiffs were and are residents of Charlotte County County, Florida and *sui juris*.

3. At all times material hereto, Defendant was and is an insurance company authorized to and did write homeowners insurance policies within the State of Florida, and specifically within Charlotte County, Florida.

4. At all times material hereto, Plaintiffs were and are the owners of the property located at 1274 Royal Tern Dr, Punta Gorda, FL 33950, Charlotte County, (hereinafter "Insured Property").

5. At all times material hereto, the subject property was insured under a policy of insurance issued by Defendant to Plaintiffs, specifically, policy number 55RBB371586 (hereinafter "Contract"). Said policy of insurance, was issued by Defendant to Plaintiffs to provide property insurance coverage for the Insured Property. Plaintiffs are not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiffs have requested a formal copy of the Contract through a Request to Produce which has been served upon Defendant contemporaneously with this Complaint. *See Equity Premium, Inc. v. Twin City Fire Ins. Co.*, 956 So. 2d 1257 (Fla. 4th DCA 2007); *Amiker v. Mid-Century Ins. Co.*, 398 So. 2d 974 (Fla. 1st DCA 1981); *Parkway General Hospital Inc. v. Allstate Ins. Co.*, 393 So. 2d 1171 (Fla. 3rd DCA 1981). The Contract is incorporated herein in its entirety pursuant to Fla. R. Civ. P. 1.130; further, Defendant has a copy of said policy in its possession.

6. At all times material hereto, in consideration of premiums paid by Plaintiffs, the Contract was in full force and effect.

7. The Contract provides, in pertinent part, that Defendant provides coverage for property damage, including contents, rendered to Plaintiffs' property that is the result of a loss, whether natural in cause or not, and the policy is required to comply with the provisions of Florida law.

8. On or about December 21, 2021, Plaintiffs' property sustained direct physical damage as the result of a by wind and/or water creating an opening in the roofing system.

9. As a result thereof, Plaintiffs sustained damages to the property that required reasonable, related and/or necessary repairs and replacements, as well as appropriate cleaning and other remedial measures.

10. The Contract provides coverage for the damages sustained to the Insured Property.

11. Plaintiffs gave timely notice to Defendant of such loss, and did thereafter deliver to Defendant a full and particular account of Plaintiffs' damages as a result of the loss.

12. Defendant assigned claim number Y3N DP 12653 to identify the loss reported by Plaintiffs and described in paragraph 8 above.

13. Defendant and its agents requested and were given access and the opportunity to inspect the Insured Property and the reported damage arising from the loss described in paragraph 8 above.

14. Defendant has failed to establish that it had reasonable proof that it was not responsible for the payment of Plaintiffs' damages and/or loss, and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance, in breach of Plaintiffs' Contract with Defendant.

15. All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

16. This is an action relating to Defendant's breach of Contract for its failure to properly pay the full amount of insurance proceeds owed to Plaintiffs.

17. Jurisdiction and venue of this matter are proper in the County Court for Charlotte County, Florida.

## COUNT I – BREACH OF CONTRACT

18. Plaintiffs reallege and reincorporate paragraphs 1-17 as if fully stated herein, and further alleges as follows:

19. It is undisputed, that on December 21, 2021, Plaintiffs and Defendant were parties to a valid written Contract (the policy) wherein Plaintiffs agreed to pay a premium and in exchange Defendant agreed to insure the subject Property.

20. Plaintiffs paid all premiums due and owing as contemplated by the policy, thus, fully performing Plaintiffs' obligations under the policy.

21. During the above Contract period the Insured Property sustained direct physical damages as the result of a covered peril.

22. Plaintiffs provided timely notice of the loss, described in paragraph 8, above to the Defendant.

23. After conducting its investigation, Defendant acknowledged coverage under the Contract for the damages referenced herein, and has refused or otherwise failed to issue full payment to Plaintiffs for the physical damages to the Insured Property sustained during the Contract period, as Defendant wrongfully represented the damages to the Insured Property to be below the Contract's applicable deductible.

24. Under the Contract, Defendant had an obligation to tender sufficient funds to Plaintiffs to allow them to restore the Insured Property to its pre-loss condition or tender policy limits in the event of a total loss.

25. Plaintiffs have complied with all obligations and conditions precedent to this lawsuit and which would entitle Plaintiffs to recover benefits under the Contract, or such conditions have been waived.

26. Defendant has failed to provide complete coverage for the physical damages that occurred during the Contract period.

27. This failure is contrary to the terms of the Contract and constitutes a material breach of the Contract.

28. Plaintiffs have been damaged by this breach in the form of unpaid insurance proceeds needed to restore the Insured Property to its pre-loss condition as a result of Defendant refusing to pay the full amount owed under the Contract.

29. As a direct and proximate result of Defendant's breach of Contract, Plaintiffs have been required to retain the services of the undersigned counsel to represent and protect the interests of Plaintiffs and Plaintiffs have become obligated to pay them a reasonable fee for their services in bringing this action.

30. In the event that Plaintiffs prevail in this action, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to Florida law, and specifically pursuant to Sections 627.428 and/or Section 626.9373, and 57.041, Florida Statutes.

**WHEREFORE**, based on the foregoing, Plaintiffs, **MARGOT FARR and ARCHIE FARR**, demand judgment against Defendant, **HARTFORD INSURANCE COMPANY OF THE MIDWEST**, for damages, including but not limited to damages owed under the Contract, interest, attorney fees, costs, and any other such relief that this Honorable Court deems just and proper.

**DEMAND** is hereby made for trial by jury of all issues so triable as a matter of right.

**DATED** this this 8 day of February 2023.

**MORGAN LAW GROUP, P.A.**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: (305) 569-9900

        Fax: (305)443-6828
e-Service: mlg.eservice@morganlawgroup.net

**By:   /s/Francisco Garcia**
Thomas J. Morgan, Jr., Esq.
Florida Bar No. 127612
Francisco Garcia, Esq.
Florida Bar No.: 105149
fgarcia@morganlawgroup.net

**/mj**