## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**MARGOT FARR** and
**ARCHIE FARR**,

     Plaintiffs,

v.                                                                 2:23-cv-178-JLB-NPM

**HARTFORD INSURANCE COMPANY OF THE MIDWEST**,

     Defendant.

---

### ORDER

This is a breach-of-insurance-contract case arising from property damage to plaintiffs' home. When plaintiff counsel failed to attend a hearing on Hartford's motion for entry upon land, the court required plaintiffs to pay defense counsel's time and milage costs incurred attending the hearing. (Doc. 40). Hartford now seeks that award and requests $1,263.35. (Doc. 42). Plaintiffs failed to respond, so it is treated as unopposed. *See* M.D. Fla. R. 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). Because the court grants Hartford's request in its entirety, some context is appropriate.

Given this case is about damage to plaintiffs' property, naturally, Hartford wanted an opportunity to inspect it. But in attempting to schedule such an inspection, plaintiff counsel advised they could not locate their clients. As a result, Hartford was forced to file a motion seeking an entry upon the land. (Doc. 33). Informed that the

whereabouts of plaintiffs were unknown, and taking note that plaintiffs are represented by no less than five attorneys of record, the court set an in-person hearing on the motion to get this case on track. But none of plaintiffs' five attorneys appeared for the hearing or requested a continuance (or requested that the hearing be conducted remotely), electing instead to force defense counsel to travel to a non-event. What's more, they never responded to the discovery motion.

Given plaintiff counsel's indifference to the court proceeding, defense counsel's time, and this case in general, the court determined a sanction was appropriate. As parties are warned at the beginning of each case: "counsel who violate any court order or local rule may be subject to sanctions without further notice including … a fee-and-cost award to an opponent, and other monetary sanctions." (Doc. 10 at 10). So, the court ordered plaintiffs to reimburse the defense for the time and mileage costs incurred attending the hearing. (Doc. 40). The court instructed the parties to first confer regarding an appropriate award. If the parties could not agree, then Hartford was instructed to file a motion. Despite several efforts from Hartford, plaintiff counsel never conferred. (Doc. 42). And even after Hartford filed the present motion—continuing their pattern—plaintiffs never responded.

By not objecting within fourteen days of the hearing, plaintiffs' counsel forfeited any argument about the defendant's entitlement to the discovery sanction. *See* Fed. R. Civ. P. 72(a). Moreover, the record demonstrates they shunned any

good-faith effort to resolve the matter by stipulation and shrugged off the opportunity to be heard about the reasonableness of the amount requested by the defense. Instead, they have forced the court to divert its time and attention away from other cases to address their recalcitrance.[1]

Given the foregoing, the court finds Hartford's requested **$1,263.35** for time and mileage associated with attending the hearing on its motion for entry upon the land appropriate. By **June 3, 2024**, plaintiffs' _**counsel**_ (and not the plaintiffs) must tender payment to Hartford and file a notice of compliance.[2]  Failure to timely do so may result in further sanctions, including referral to the Middle District of Florida's grievance committee. This award of sanctions survives any forthcoming order dismissing or closing the case.

**ORDERED** on May 20, 2024.

NICHOLAS P. MIZELL
United States Magistrate Judge

---

[1] Notably, plaintiff counsel also failed to respond in any way to the court's Rule 25 order. (Doc. 43).

[2] As mentioned, five lawyers are counsel of record for plaintiffs: attorneys Rishmague, Ortega, Garcia, Meyer, and Morgan. All five are jointly and severally liable for the sanction. And, to the extent it is not timely paid, all five may be referred to the Middle District's grievance committee.